UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALFRED AHMED CAREW,<br><br>                Plaintiff,<br><br>        v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 17-01417-DFM<br><br>MEMORANDUM OPINION AND<br>ORDER |

Alfred Ahmed Carew ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB"). For the reasons discussed below, the Commissioner's decision is reversed and this matter is remanded for further proceedings.

## I.

## BACKGROUND

Plaintiff filed an application for DIB alleging disability beginning on February 11, 2013. See Administrative Record ("AR") 23, 170-71. After Plaintiff's claim was denied, he requested a hearing before an administrative law judge ("ALJ"). See AR 72-73.

On April 29, 2015, at a hearing at which Plaintiff appeared with counsel,

the ALJ heard testimony from Plaintiff, a medical expert, and a vocational expert. See AR 37-53.

On May 12, 2015, the ALJ issued a written decision denying Plaintiff's claim for benefits after applying the five-step sequential evaluation. See AR 23-31. First, Plaintiff had not engaged in substantial gainful activity since the alleged onset date. See AR 25. Second, Plaintiff had severe impairments consisting of carpal tunnel syndrome, osteoarthritis, degenerative disc disease, and plantar fasciitis. See id. Third, Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment. See AR 26. Fourth, based on Plaintiff's residual functional capacity for a reduced level of light work, he could return to his past relevant work as a deli assistant manager. See AR 26, 29. Fifth, in the alternative, Plaintiff could perform other jobs existing in significant numbers in the national economy: case aide and information clerk. See AR 30-31. Accordingly, the ALJ concluded that Plaintiff was not disabled. See AR 31.

On December 20, 2016, the Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-5. Plaintiff sought judicial review in this Court. See Dkt. 1.

## II.
## DISCUSSION

The parties dispute whether the ALJ properly considered Plaintiff's testimony. See Joint Submission (Dkt. 17) ("JS") at 4.

### A.  Applicable Law

The court engages in a two-step analysis to review the ALJ's evaluation of Plaintiff's symptom testimony. See Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. See id. If the

claimant satisfies this first step, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of symptoms only by offering specific, clear and convincing reasons for doing so. See id.

**B.   Analysis**

During the hearing, Plaintiff testified as follows about his alleged impairments and symptoms. He stopped working in 2013, when he fell at his job at a deli. See AR 41. He cannot work because of problems with his wrist, back, and foot. See AR 42. He does not drive but uses Access, a paratransit service for the disabled, for transportation. See AR 43; see also AR 308. A typical day for him involves reading or going to church with his mother. See AR 44. He can walk for "at least one block" but has problems with standing because of his right leg. See AR 45. He uses a cane, but it was not prescribed by a doctor. See id. He is right-handed, and his carpal tunnel syndrome in that hand prevents him from typing. See AR 45-46. He does not drink alcohol but occasionally uses medical marijuana. See AR 52.

The ALJ found that Plaintiff had underlying impairments that would have "considerable exertional, postural, manipulative, and environmental limitations." AR 28. Nonetheless, the ALJ rejected Plaintiff's subjective symptom testimony with a two-paragraph explanation. See AR 28-29. The two paragraphs had a single subject: Plaintiff's testimony was inconsistent with the medical record. See id.

Where, as in this case, "the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc) (citing Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986)); see also Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("While an ALJ may find testimony not credible in

3

part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence."). Because the ALJ rejected Plaintiff's testimony solely for lack of objective medical support, that determination was legally erroneous. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) ("[T]he ALJ rejected Moisa's pain testimony solely for lack of objective medical evidence corroborating it. . . . His rejection of Moisa's pain testimony was therefore clear error.").

The Commissioner contends that the ALJ relied on other reasons—Plaintiff's conservative treatment and inconsistent statements—to reject Plaintiff's testimony on legally adequate grounds. See JS at 11, 14. But the ALJ did not actually articulate these other reasons to reject Plaintiff's testimony, so the Court cannot consider them. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."); Ceguerra v. Sec'y of Health and Human Servs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."). In particular, the Court cannot link the ALJ's comments elsewhere in the decision about the evidence to the ALJ's rejection of Plaintiff's testimony, because the ALJ did not articulate that link in the first instance. See Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) ("[The ALJ] did not link that testimony to the particular parts of the record supporting her non-credibility determination. . . . [T]he error could not be corrected by the district court's statement of links between claimant testimony and certain medical evidence.") (citing Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014)).

In any event, the sole reason articulated by the ALJ to reject Plaintiff's testimony, for lack of supporting objective medical evidence, did not reflect an accurate view of the record as a whole. See Ghanim v. Colvin, 763 F.3d 1154, 1164 (9th Cir. 2014) ("[T]he treatment records must be viewed in light of the

overall diagnostic record.") (citations omitted). For example, the ALJ found that "there is no indication that [Plaintiff's] cane has been prescribed or was mentioned in any of his progress notes." AR 28. This does not account for the fact that Plaintiff openly acknowledged at the hearing that his cane was not medically prescribed. See AR 45. Given Plaintiff's candor on this point, it provided no basis for the apparent inference that he was being dishonest about the source of the cane.

The ALJ also found that the medical record showed Plaintiff's "objective clinical presentation remains mostly normal." AR 28. This finding is called into question by evidence that Plaintiff presented for the first time to the Appeals Council. See Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012) (evidence presented for the first time to the Appeals Council becomes part of the administrative record, which the district court must consider when the reviewing the Commissioner's final decision for substantial evidence). According to that evidence, Plaintiff has a "moderate pathological sleep breathing respiratory disorder," possibly has mild autonomic dysfunction, and was repeatedly treated for lumbar radiculopathy, lumbar disc protrusion, right wrist/hand internal derangement, and right ankle/foot osteoarthritis. AR 499, 509, 531-50. Thus, the reason actually articulated by the ALJ for rejecting Plaintiff's subjective symptom testimony would not have been supported by substantial evidence.

Finally, the error was not harmless. The Commissioner's failure to state legally adequate reasons for rejecting a claimant's subjective symptom testimony is harmless "only if it is inconsequential to the ultimate nondisability determination." Brown-Hunter, 806 F.3d at 494 (citation omitted). A district court may not find the error harmless by supplying supporting reasons from its own review of the record. See id. at 492 ("A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that

the ALJ's error was harmless."). Because the only reason articulated by the Commissioner in this case was legally insufficient, the "agency's path cannot reasonably be discerned," and reversal is warranted. Id. at 495 (citation omitted).

**C.** **Remand for Further Proceedings**

The decision whether to remand for further proceedings is within this Court's discretion. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Here, remand for further proceedings would serve a useful purpose because outstanding issues remain from the conflicting evidence about whether Plaintiff is disabled. See Brown-Hunter, 806 F.3d at 495-96 (despite the ALJ's failure to articulate reasons for finding a claimant's testimony not credible, a reviewing court has discretion to remand for further proceedings when the record raises doubts about disability) (citing Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1101 (9th Cir. 2014) ("Where there is

conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.")). Thus, this action is remanded for further proceedings.

### III.

### CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings.

Dated: March 22, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge